# AFFIDAVIT OF RAYMOND NARGIZIAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES SNOWDEN,　　　　　　　　　　　　　　　　Hon. Vincent L. Briccetti

　　　　　　　　　　　Plaintiff,　　　　　　　　**AFFIDAVIT**

　　-against-　　　　　　　　　　　　　　　　　Case No.: 17-cv-02631-VB

DOUGLAS SOLOMON, JILL WEYERS,
CARMEN RUE, VILLAGE OF MONTICELLO,
ROBERT MIR, RAYMOND NARGIZIAN,

　　　　　　　　　　　Defendants.
------------------------------------------------------------------X

STATE OF NEW YORK　　:
　　　　　　　　　　　ss.:
COUNTY OF SULLIVAN　　:

　　　　RAYMOND NARGIZIAN, being duly sworn, deposes and states as follows:

　　　1.　　I am a defendant in the above-captioned action. I have served as Village Manager for the Village of Monticello on three different occasions including, most recently, in 2014. I make this affidavit in support of the instant motion for summary judgment.

　　　2.　　The plaintiff alleges in his complaint that I acted in concert with Village Trustee Carmen Rue, former Village Trustees Jill Weyer and Douglas Solomon, and Police Chief Robert Mir to fabricate information or evidence against him to cause him to be terminated as code enforcement officer for the Village of Monticello and subjected to criminal charges because of his alleged political association with former Village Mayor Gordon Jenkins. I categorically deny that allegation. At no time did I ever discuss with Mr. Solomon, Ms. Rue, Ms. Weyer, or Chief Mir the fabrication of any information or evidence to be used against the plaintiff in connection with any administrative or criminal proceeding, or otherwise.

1

3. In addition, at no time prior to, upon, or after my appointment as village manager in 2014 did Ms. Rue, Ms. Weyer or Mr. Solomon direct me to alter for the worse the terms and conditions of the plaintiff's employment. Nor did I ever have any discussions with them about altering the terms and conditions of the plaintiff's employment for the worse.

4. The plaintiff alleges in his complaint that he was retaliated against because of his alleged political association with Mr. Jenkins in that I, among other things, directed an audit of the plaintiff's accrued time. While I did seek an audit of the plaintiff's accrued time, I did not do so because of any alleged political association with Mr. Jenkins, which political association I was unaware of. Rather, I sought an audit because the plaintiff had requested to take a leave of absence for an extended period of time from May 19, 2014 to August 4, 2014. Due to inadequacies in the recordkeeping by the Village, there was no way to ascertain whether the plaintiff had actually accrued that much unused time. In that regard, neither the Village payroll department nor the Village payroll company could confirm the plaintiff's accrued time. Accordingly, given the extent of the accrued time claimed by the plaintiff, I requested an audit. In my three stints as village manager, no employee had previously requested that I approve that much accrued time.

5. The plaintiff also alleges that I retaliated against him in connection with the relocation of the building department/code enforcement office from the community center back to Village Hall. However, the building department/code enforcement office should be located in Village Hall, not at a separate location off-site or in a community center. Members of the public are accustomed to visiting with the building department/code enforcement office at Village Hall, which is where the building department/code enforcement office had always been located to my knowledge except for a few months in 2014. In addition, I did not move the plaintiff into a

2

"cramped closet-like space at Village Hall." When the building department/code enforcement office was relocated back to Village Hall, the plaintiff was provided with the same office and work area office that he had used prior to moving into the community center. The plaintiff's private office and the work area office were connected.

6. The plaintiff also alleges that his secretary was terminated as an act of retaliation. However, the plaintiff's secretary was not terminated in retaliation for the plaintiff's alleged political association with Mr. Jenkins. Instead, the plaintiff's secretary, who had been employed for a brief period for time, was terminated because she had proven to be unreliable and had other work issues. The plaintiff himself often complained about her to me. After the plaintiff's secretary was terminated, he had the option of using, as did I, the clerical office workers in Village Hall. Like the plaintiff, I, as village manager, did not always have the use of a dedicated secretary due to budgetary constraints.

7. As for the hiring of T.J. Brawley as an assistant code enforcement officer, I hired Mr. Brawley to assist with the needs of the code enforcement office, which also lessened the workload of the plaintiff. My decision to hire Mr. Brawley was not an act of retaliation against the plaintiff for any alleged political association with Mr. Jenkins. In addition, while I invited Mr. Brawley to department head meetings after he was hired, I also continued to invite the plaintiff to department head meetings. The plaintiff was never excluded from any department head meeting that I presided over.

8. I understand that the plaintiff also alleges that I was involved in the suspension of the plaintiff from his position as code enforcement officer. However, in point of fact, I had no involvement in the decision to suspend the plaintiff as code enforcement officer, which was an issue voted upon by the Board of Trustees, and was not consulted by any village trustee or the

3

Village's legal counsel about suspending the plaintiff. Nor was I involved in the decision to terminate the plaintiff, which occurred well after I had ceased being the village manager.

9. Finally, I did not lock the plaintiff out of his office and prevent him from collecting any of his personal belongings as he alleges in his complaint. Nor did I direct anyone to lock the plaintiff out of his office and prevent him from collecting any personal belongs.

WHEREFORE, it is respectfully requested that the instant motion for summary judgment be granted, together with such other and further relief deemed just and proper.

_____
RAYMOND NARGIZIAN

Sworn to before me
this 7th day of June 2019

_____
Notary Public

GARY WINSTON
Notary Public, State of New York
Sullivan County Clk. # 1672
Commission Expires 2/28/20

4