20-0735
*Snowden v. Solomon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of March, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
>     *Chief Judge*,
> DENNY CHIN,
> MICHAEL H. PARK,
>     *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/2021

---

JAMES SNOWDEN,

    *Plaintiff-Appellee*,

v.                                                                          20-0735

DOUGLAS SOLOMON, JILL WEYER, VILLAGE OF MONTICELLO, RAYMOND NARGIZIAN, CARMEN RUE,

    *Defendants-Appellants*.*

---

For Defendants-Appellants:      RALPH L. PUGLIELLE, JR., Drake Loeb PLLC, New Windsor, NY

For Plaintiff-Appellee:      MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY

---

\* The Clerk of Court is directed to modify the caption so that Defendant-Appellant Jill Weyer is correctly identified as "Jill Weyer" and not "Jill Weyers."

1

CERTIFIED COPY ISSUED ON 03/10/2021

Appeal from an order of the United States District Court for the Southern District of New York (Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **REVERSED** in part and **DISMISSED** in part.

Plaintiff-Appellee James Snowden ("Snowden") sued under 42 U.S.C. § 1983 alleging that Defendants-Appellants—Village Manager Raymond Nargizian, and three Village trustees, Douglas Solomon, Jill Weyer, and Carmen Rue—suspended and terminated him from his appointed position as Village Code Enforcement Officer in retaliation for his political association with Gordon Jenkins, the former Mayor and acting Village Manager of the Village of Monticello, New York. Defendants-Appellants, with the Village of Monticello (collectively, "Defendants"), appeal from a January 31, 2020 order denying summary judgment as to their defense of qualified immunity and further request that this Court exercise pendent jurisdiction to review the district court's denial of summary judgment as to Snowden's claim against the Village. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**1. Qualified Immunity**

On an interlocutory appeal of an order denying summary judgment on the defense of qualified immunity, the Court reviews the district court's denial *de novo*, but cabins its review "to 'circumstances where the qualified immunity defense may be established as a matter of law.'" *Jones v. Parmley*, 465 F.3d 46, 55 (2d Cir. 2006) (quoting *Cartier v. Lussier*, 955 F.2d 841, 844 (2d Cir. 1992)). "[A]n immunity defense is established as a matter of law" where the Court determines that the defendants are entitled to qualified immunity based on the "stipulated facts, facts accepted for the purpose of appeal, or the plaintiff's version of the facts that the district judge

2

deemed available for jury resolution." *Lynch v. Ackley*, 811 F.3d 569, 576 (2d Cir. 2016) (quoting *Smith v. Edwards*, 175 F.3d 99, 104–05 (2d Cir. 1999)). Under Snowden's "version of disputed facts—accepting reasonable inferences most favorable to him," *id.* at 576–77, Defendants can prevail on their claim of qualified immunity only if we determine that "no rational jury could conclude '(1) that [they] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'" *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 255 (2d Cir. 2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)).

Simply put, "even given the version of the facts most favorable" to Snowden, Defendants-Appellants' "retaliatory actions were not prohibited by clearly established law." *Lynch*, 811 F.3d at 583. To be sure, a government employer may fire an employee "based on political belief and association" only if "he had a vital interest in doing so." *State Emps. Bargaining Agent Coal. v. Rowland*, 718 F.3d 126, 137 (2d Cir. 2013) (internal quotation marks omitted); *see also Branti v. Finkel*, 445 U.S. 507, 517 (1980) ("First Amendment rights may be required to yield to the State's vital interest in maintaining governmental effectiveness and efficiency."). But no clearly established law suggests the absence of such a vital interest in the circumstances here. To the contrary, vital interests may include "considerations [such] as maintaining efficiency, discipline, and integrity, preventing disruption of operations, and avoiding having the judgment and professionalism of the agency brought into serious disrepute." *Piscottano v. Murphy*, 511 F.3d 247, 271 (2d Cir. 2007).

Government officials "are entitled to the protection of qualified immunity unless the unlawfulness of their actions was apparent in light of preexisting law." *Doninger v. Niehoff*, 642 F.3d 334, 351 (2d Cir. 2011). Here, even assuming Defendants-Appellants fired Snowden for his political association with Mayor Jenkins, no clearly established law exists such that a

3

reasonable official in the position of the Defendants-Appellants could not have concluded that a permissible "vital interest"—"avoiding having the judgment and professionalism of the [Village] brought into serious disrepute"—supported termination. Mayor Jenkins and Snowden were indicted as co-defendants for crimes undertaken together in their official capacities.[1] The indictment alleged that Snowden and Jenkins "executed a plan to demolish a building that had contained asbestos without proper abatement," endangering community members, "and without the approval of the Village Board of Trustees. The indictment further alleged that [Snowden and Jenkins] agreed with contractors . . . that, in exchange for a discounted demolition fee by the contractors, [Snowden and Jenkins] would funnel more demolition work to them in the future." *People v. Snowden*, 160 A.D.3d 1054, 1054–55, 75 N.Y.S.3d 108 (3d Dep't 2018). Mayor Jenkins then "pleaded guilty to three misdemeanors in full satisfaction of the charges in the indictment." *Id.* at 1055.

"[I]t is hardly the conventional role of the First Amendment" to bar a Village Board from suspending or terminating an employee based on his political association with the mayor where both the mayor and the employee are indicted as co-defendants for conduct undertaken together in their official roles, and where the mayor then pleads guilty to those crimes. *Lynch*, 811 F.3d at 580. Such a decision does not bear the risk of "tell[ing other public employees] that they engage

---

[1] In this case there was not just a criminal indictment, but an indictment that Snowden "unsuccessfully moved twice to dismiss on legal insufficiency grounds." *People v. Snowden*, 160 A.D.3d 1054, 1057, 75 N.Y.S.3d 108 (3d Dep't 2018). Based on that indictment, an independent third party—a Hearing Officer in a Section 75 hearing—concluded not only that Snowden should be penalized, but that his penalty "should be greater than a reprimand or fine," leaving three potential options under Civil Service Law Section 75(3) as options for punishment: "suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service." App'x at 214. Although "dismissal from service" was the harshest punishment available, it was explicitly permitted as an option under Civil Service Law Section 75(3). Moreover, the Village's termination decision was then upheld by the Appellate Division as "supported by substantial evidence." *Snowden v. Vill. of Monticello*, 166 A.D.3d 1451, 1453–54, 89 N.Y.S.3d 366 (2018).

4

in protected [First Amendment] activity at their own peril." *Heffernan v. City of Paterson*, 136 S. Ct. 1412, 1419 (2016). Instead, such a decision restores the public faith in the "integrity" of the Village and its officers. *See Piscottano*, 511 F.3d at 271; *see also Gilbert v. Homar*, 520 U.S. 924, 932 (1997) ("The State has a significant interest in immediately suspending, when felony charges are filed against them, employees who occupy positions of great public trust and high public visibility . . . ."); *Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 244–45 (1988) ("[T]he return of the indictment itself is an objective fact that will in most cases raise serious public concern that the [role] is not being managed in a responsible manner."). Reasonable officials in the Defendants-Appellants' position could thus well have perceived a vital interest in suspending and terminating Snowden based on his association with the Mayor, to address a "serious public concern that [his role was] not being managed in a responsible manner." Accordingly, Defendants-Appellants are entitled to qualified immunity.

**2. Pendent Jurisdiction over the Municipality Claim**

Defendants further request that this Court exercise pendent appellate jurisdiction over the claim against the Village of Monticello. We "may exercise pendent jurisdiction over issues that are not ordinarily subject to interlocutory review whenever (1) they are 'inextricably intertwined' with the determination of qualified immunity or (2) their resolution is 'necessary to ensure meaningful review' of the district court's ruling on qualified immunity." *Savino v. City of N.Y.*, 331 F.3d 63, 71–72 (2d Cir. 2003) (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 51 (1995)). None of these grounds exist here, and we must therefore decline to exercise pendent jurisdiction over Snowden's claim against the Village of Monticello.

\*   \*   \*

Accordingly, we **REVERSE** the January 31, 2020 order of the district court in part, relating to the district court's qualified immunity determination, **DISMISS** the judgment in part as to the Village of Monticello, and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

6