# SUSSMAN & ASSOCIATES
### - Attorneys at Law -

---

| MICHAEL H. SUSSMAN | 1 Railroad Ave. - Suite 3 | LEGAL ASSISTANT |
| --- | --- | --- |
| JONATHAN R. GOLDMAN | P.O. Box 1005 | SARAH OSBORNE |
| | Goshen, New York 10924 | |
| | | CHRISTOPHER D. WATKINS |
| | (845) 294-3991 | of Counsel |
| | Fax: (845) 294-1623 | |
| | sussman1@frontiernet.net | |

June 10, 2021

Hon. Vincent Briccetti
United States District Court - SDNY
300 Quarropas Street
White Plains, New York 10601

    Re: <u>Snowden v. Monticello</u>, 17 cv 02631 (VB)

Dear Judge Briccetti:

    I represent plaintiff in this First Amendment retaliation case. In advance of Monday's scheduled conference, I provide this update:

    After our last conference with the court, plaintiff conveyed a revised settlement demand to defendant's counsel. Yesterday, defendant's counsel advised us that his client was willing to attend mediation but not prepared to make any counterproposal or offer before then. I indicated that this was not satisfactory as I could not assess the possibility of resolution without a good faith counterproposal. In response, counsel indicated that his client would negotiate in good faith. But I cannot assess this proposition without any counterproposal. I do not wish to consume judicial resources, or waste our own, attending a settlement conference where our adversary has refused to make a counterproposal and where, it seems clear, the chance of resolution is very slim. If the Village decides at some time to make a counterproposal and we believe judicial intervention can help resolve the matter, I certainly will make that request. But, in light of the current situation, I think attending a mediation would waste everyone's time.

    Respectfully, I believe the best approach is to set a trial date and allow defendant to file whatever additional motion it wishes with the understanding that we believe doing that is frivolous as the Court of Appeals explicitly rejected defendant village's invitation to dismiss the case against it and there is no basis now to re-visit this court's summary judgment decision against the Village.

                                                   Respectfully submitted,

                                                   Michael H. Sussman