UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES SNOWDEN,                                                          Hon. Vincent L. Briccetti

                                Plaintiff,                          Case No.: 17-cv-02631-VB

    -against-

VILLAGE OF MONTICELLO,

                                Defendant.
-------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO FRCP RULE 60 ON BEHALF OF VILLAGE OF MONTICELLO

                                                      Yours, etc.,

                                                      DRAKE LOEB PLLC
                                                      *Attorneys for Defendant*
                                                      555 Hudson Valley Avenue
                                                      Suite 100
                                                      New Windsor, New York 12553
                                                      Tel. No.: (845) 561-0550

<u>Of Counsel:</u>

RALPH L. PUGLIELLE, JR.

## TABLE OF CONTENTS

I. PROCEDURAL BACKGROUND ..................................................................................................1

II. THE COURT SHOULD VACATE ITS OPINION AND ORDER
DENYING THE VILLAGE'S MOTION FOR SUMMARY JUDGMENT
IN LIGHT OF THE COURT OF APPEALS' SUMMARY ORDER ..........................................1

    (a)    Summary Order ................................................................................................................1

    (b)    Application of Summary Order to the Plaintiff's Remaining Claim ..............................2

        (i)    The Village's lawful reason, alone, justified the plaintiff's
            suspension and firing. ...........................................................................................3

## I. PROCEDURAL BACKGROUND

The plaintiff, James Snowden, is a former code enforcement officer for the Village of Monticello ("the Village"). The plaintiff alleges in this action that he was retaliated against and subjected to adverse employment action in violation of his First Amendment rights because of his purported political association with former Village Manager/Mayor Gordon Jenkins ("Jenkins"), which ultimately resulted in his removal from his position as code enforcement officer.

Upon the close of discovery, the individual defendants and the Village moved for summary judgment. By Opinion and Order dated January 31, 2020, the Court granted the motion as to defendant Robert Mir but otherwise denied the motion as to the remaining defendants. (ECF Doc. No. 75.) On appeal, the Second Circuit Court of Appeals reversed the Court's Opinion and Order, holding that the individual defendants are entitled to qualified immunity. (ECF. Doc No. 89.) The Court of Appeals declined to exercise pendent jurisdiction over the claim against the Village. The Court of Appeals thereafter denied the plaintiff's petition for a panel hearing or rehearing en banc.

The plaintiff's sole remaining claim in this case is a First Amendment retaliation claim against the Village, which now moves pursuant to FRCP Rule 60 for relief from the Court's Opinion and Order insofar as it denied the Village's motion for summary judgment.

## II. THE COURT SHOULD VACATE ITS OPINION AND ORDER DENYING THE VILLAGE'S MOTION FOR SUMMARY JUDGMENT IN LIGHT OF THE COURT OF APPEALS' SUMMARY ORDER.

(a)  *Summary Order*

In analyzing the individual defendants' appeal from the Court's denial of their motion for summary judgment based on qualified immunity, the Court of Appeals observed that the "Defendants can prevail on their claim of qualified immunity only if we determine that no rational jury could conclude (1) that [they] violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Snowden v. Solomon, 847 F. App'x

1

54, 56 (2d Cir. 2021) (citations and internal quotations omitted). In holding that the individual defendants are entitled to qualified immunity, the Court of Appeals determined that the adverse employment action complained of by the plaintiff in this case was justified and lawfully undertaken, and did not constitute a violation of the plaintiff's First Amendment rights. "Simply put, even given the version of the facts most favorable to Snowden, Defendants-Appellants' retaliatory actions were not prohibited by clearly established law." Snowden, 847 F. App'x at 56 (citation and internal quotations omitted).

*(b)*  *Application of Summary Order to the Plaintiff's Remaining Claim*

In Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977), a case in which the plaintiff alleged, *inter alia*, a First Amendment retaliation claim, the Supreme Court stated that "[a] rule of causation which focuses solely on whether protected conduct played a part, 'substantial' or otherwise, in a decision not to rehire, could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing." Mt. Healthy, 429 U.S. at 285. In rejecting such a rule of causation, the Supreme Court stated:

> The difficulty with the rule enunciated by the District Court is that it would require reinstatement in cases where a dramatic and perhaps abrasive incident is inevitably on the minds of those responsible for the decision to rehire, and does indeed play a part in that decision even if the same decision would have been reached had the incident not occurred. The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct. A borderline or marginal candidate should not have the employment question resolved against him because of constitutionally protected conduct. But that same candidate ought not to be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision.

2

Mt. Healthy, 429 U.S. at 285–86.

The Supreme Court stated in Mount Healthy that even if protected conduct plays a "substantial part" in the adverse employment action, that fact does not "necessarily amount to a constitutional violation justifying remedial action" if the same adverse employment action would have been taken regardless of the protected conduct. Mt. Healthy, 429 U.S. at 285. See Cotarelo v. Vill. of Sleepy Hollow Police Dep't, 460 F.3d 247, 254 (2d Cir. 2006) (affirming grant of summary judgment to the village on First Amendment political affiliation claim since the plaintiff "would not have been promoted anyway because of his deliberately low productivity scores, his disciplinary record, and his refusal to speak to Warren save where professionally necessary"). The Supreme Court, in further explaining the rule set forth in Mount Healthy in a later case, stated:

> In Mt. Healthy we addressed a mixed-motives case, in which two motives were said to be operative in the employer's decision to fire an employee. One was lawful, the other (an alleged constitutional violation) unlawful. We held that *if the lawful reason alone would have sufficed to justify the firing, the employee could not prevail in a suit against the employer*. The case was controlled by the difficulty, and what we thought was the lack of necessity, of disentangling the proper motive from the improper one where both played a part in the termination and the former motive would suffice to sustain the employer's action." McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 359, 115 S. Ct. 879, 885, 130 L. Ed. 2d 852 (1995) (citation omitted; emphasis added).

(i) *The Village's lawful reason, alone, justified the plaintiff's suspension and firing.*

In a mixed-motive case, an employee cannot prevail in a lawsuit against his employer "if the lawful reason alone would have sufficed to justify the firing" McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 359, 115 S. Ct. 879, 885, 130 L. Ed. 2d 852 (1995) (citation omitted; emphasis added). In this case, the Court of Appeals found that the plaintiff's egregious on-the-job misconduct did support his termination under the law. Thus, under the Supreme Court precedent set forth in Mount Healthy and McKenna, even assuming *arguendo* that the plaintiff's purported friendship with

3

Jenkins played a part, substantial or otherwise, in his suspension and termination (which is specifically denied), the plaintiff's claim remains non-viable.

As detailed in the underlying motion for summary judgment, it is undisputed that at the time of the plaintiff's suspension on August 19, 2014, the plaintiff had been indicted on August 13, 2014 and charged with various felonies and misdemeanors in connection with the performance of his official duties as code enforcement officer, including one count of Bribe Receiving in the Third Degree (PL § 200.10), one count of Criminal Mischief in the Second Degree (PL § 145.10), two counts of Conspiracy in the Fifth Degree (PL § 105.05(1)), three counts of Official Misconduct (PL § 195.00(1), (2)), one count of Endangering Public Health, Safety or Environment (ECL § 71–2711(3)), and one count of Criminal Nuisance in the Second Degree (PL § 240.45(1)). As noted by the Court of Appeals, "[i]n this case there was not just a criminal indictment, but an indictment that Snowden 'unsuccessfully moved twice to dismiss on legal insufficiency grounds.' " Snowden, 847 F. App'x at 57, fn. 1.

As observed by the Supreme Court in Gilbert v. Homar, 520 U.S. 924, 932, 117 S. Ct. 1807, 1813, 138 L. Ed. 2d 120 (1997): "[T]the State has a significant interest in immediately suspending, when felony charges are filed against them, employees who occupy positions of great public trust and high public visibility, such as police officers." [1] Former Trustee/Mayor Douglas Solomon explained in his affidavit submitted in support of the underlying motion for summary judgment why the plaintiff was suspended:

> I did not vote in favor of suspending the plaintiff because of any alleged political association that he claims to have had with Mr. Jenkins. Rather, I voted in favor of suspending the plaintiff because he, while under indictment for actions specifically undertaken in his capacity as code enforcement

---

[1] The statutory powers of the code enforcement officer set forth in the Village Code are detailed in the underlying summary judgment motion submission.

4

> officer, could not continue enforcing the applicable building codes against village residents under such circumstances. Accordingly, I voted in favor of suspending the plaintiff with pay pending the resolution of the criminal charges and Civil Service Law §75 hearing. (See ECF Doc. No. 59-29, ¶ 6.)

It is further undisputed that at the time of the plaintiff's termination, the hearing officer presiding over the plaintiff's Civil Service Law §75 hearing determined that the plaintiff had committed acts rising to the level of criminal activity in the performance of his official duties. Under such circumstances, the Village could not have continued to employ the plaintiff as code enforcement officer and charge him with the responsibility of enforcing the applicable laws against members of the public when the plaintiff himself was determined to have engaged in activity rising to the level of a crime in connection with the performance of his duties and responsibilities as code enforcement officer.

As detailed in the Court of Appeals' Summary Order, the adverse employment action was lawful even under the plaintiff's version of the facts. The Court of Appeals observed that "Mayor Jenkins and Snowden were indicted as co-defendants for crimes undertaken together in their official capacities," and "[t]he indictment alleged that Snowden and Jenkins executed a plan to demolish a building that had contained asbestos without proper abatement, endangering community members, and without the approval of the Village Board of Trustees." Snowden, 847 F. App'x at 57 (citations and internal quotations omitted). "The indictment further alleged that [Snowden and Jenkins] agreed with contractors ... that, in exchange for a discounted demolition fee by the contractors, [Snowden and Jenkins] would funnel more demolition work to them in the future." Id. "Mayor Jenkins then pleaded guilty to three misdemeanors in full satisfaction of the charges in the indictment." Id.

5

Based on even the plaintiff's version of the facts, the Court of Appeals found that the decisions to suspend and fire were lawful, did not amount to a First Amendment violation, and, in fact, restored public confidence. As stated by the Second Circuit:

> "[I]t is hardly the conventional role of the First Amendment" to bar a Village Board from suspending or terminating an employee based on his political association with the mayor where both the mayor and the employee are indicted as co-defendants for conduct undertaken together in their official roles, and where the mayor then pleads guilty to those crimes. Such a decision does not bear the risk of "tell[ing other public employees] that they engage in protected [First Amendment] activity at their own peril." Instead, such a decision restores the public faith in the "integrity" of the Village and its officers.

Snowden, 847 F. App'x at 56–57 (citations omitted).

In light of the Court of Appeals' Summary Order and under the rule of law set forth by the Supreme Court in Mount Healthy, the plaintiff's remaining First Amendment retaliation claim against the Village is not viable. The remaining claim against the Village is based on the very same conduct by the individual defendants that the plaintiff alleged was unlawful. But the Court of Appeals determined that the plaintiff's suspension and firing, even under the plaintiff's version of the facts, was lawful. That is, in determining that the individual defendants are entitled to qualified immunity, the Court of Appeals necessarily held that no rational jury could conclude that the individual defendants violated the plaintiff's statutory or constitutional rights by terminating the plaintiff's employment. Snowden, 847 F. App'x at 56. This holding bars the plaintiff's claims against the Village because, if the actions by the individual defendants did not violate the plaintiff's statutory or constitutional rights as the Court of Appeals held, the same actions cannot form the basis of the plaintiff's claim against the Village. Absent an underlying constitutional claim, no vicarious liability can attach. See Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006).

6

In short, given that a lawful reason alone justified the adverse employment action, the plaintiff cannot prevail on his remaining First Amendment retaliation claim against the Village. See Mt. Healthy, supra; McKennon, supra. "Simply put, even given the version of the facts most favorable to Snowden, Defendants-Appellants' retaliatory actions were not prohibited by clearly established law. Snowden, 847 F. App'x at 56 (citation and internal quotations omitted).

Accordingly, the Court should vacate its Opinion and Order denying the Village's motion for summary judgment and, upon reconsideration, grant the Village's motion.

Dated: June 28, 2021
New Windsor, New York

>Respectfully submitted,
>
>DRAKE, LOEB PLLC
>
>By: _____
>Ralph L. Puglielle, Jr. (RP-4294)
>*Attorneys for Defendant*
>555 Hudson Valley Avenue - Suite 100
>New Windsor, New York 12553
>Tel. No.: (845) 561-0550

7