UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JAMES SNOWDEN,

                                                    No. 17-cv-02631 (VB)

                       Plaintiff,

    -against-

VILLAGE OF MONTICELLO,

                       Defendant.
-------------------------------------------------------------------x

# MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION PURSUANT TO FED. R. CIV. P. 60

SUSSMAN AND ASSOCIATES
*Attorneys for Plaintiff*
1 Railroad Avenue, Suite 3
Goshen, New York 10924
(845) 294-3991 [Tel]
(845) 294-1623 [Fax]

Dated: July 12, 2021

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ....................................................................................................1

STANDARD OF REVIEW ....................................................................................................3

ARGUMENT........................................................................................................................3

CONCLUSION......................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**

Sadallah v. City of Utica,
    383 F.3d 34 (2d Cir. 2004) ..................................................................................5, 6

Snowden v. Solomon,
    2020 U.S. Dist. LEXIS 17087 (S.D.N.Y. Jan. 31, 2020) ....................................................2

Snowden v. Solomon,
    847 Fed.App'x. 54 (2d Cir. 2021) ........................................................2, 4, 5, 6

Stevens v. Miller,
    676 F.3d 62 (2d Cir. 2012) ..................................................................................3

**Federal Rules of Civil Procedure**

Fed. R. Civ. P. 60..........................................................................................1, 3

Fed. R. Civ. P. 60(b)(6) ........................................................................................3

**Local Rules of Practice**

Local Rule 6.3 of the Southern and Eastern District so New York .................................................7

## PRELIMINARY STATEMENT

Plaintiff James Snowden respectfully submits this memorandum of law in opposition to defendant Village of Monticello's (the "Village") motion pursuant to Fed. R. Civ. P. 60.[1] The Village asks this Court to vacate its January 31, 2020 Opinion and Order denying its motion for summary judgment and for entry of an order granting its motion. It claims such relief is warranted by the Second Circuit's summary order reversing this Court's denial of qualified immunity to the individual defendants.[2]

But the Village fundamentally misconstrues the Second Circuit's summary order, which warrants no such relief. By granting the individual defendants qualified immunity, the Second Circuit merely concluded that these defendants could have reasonably believed their actions were lawful – it did not, as the Village contends, conclude that the actions taken against Snowden were, as a matter of law, justified or otherwise constitutional. And there is no other basis to disturb this Court's correct holdings that genuine factual disputes exist from which a reasonable jury could find that (1) the Village suspended and terminated Snowden because of his political association with Jenkins, in violation of his First Amendment rights, and (2) the Village would not have so acted but for such political affiliation. As such, the Village's Rule 60 motion should be denied in it is entirety and the matter tried to a jury.

## STATEMENT OF FACTS[3]

Snowden commenced this action on April 12, 2017, asserting claims under 42 U.S.C. § 1983 against the Village and several individual Village officials for allegedly violating his First

---

[1] Though its motion does not specify, it appears that the Village's motion is made under subparagraph (b)(6) of Rule 60, and we address its motion as such.

[2] Having been dismissed from this action, the individual defendants no longer appear in the caption.

[3] In the interests of brevity, plaintiff does not restate herein all of the facts underlying his case, but rather only those necessary to resolve this motion. To the extent a broader factual record is necessary, plaintiff hereby incorporates by reference his submissions made in opposition to the defendants' summary judgment motion.

Amendment right to political association.  Specifically, he claimed that the defendants suspended him and terminated his employment in retaliation for his political association with the former Village Mayor/Manager Gordon Jenkins.  At the close of discovery, all defendants moved for summary judgment.   By Opinion and Order dated January 31, 2020, this Court denied defendants' motion, except as to defendant Mir, whom it held had qualified immunity. See Snowden v. Solomon, No. 17-cv-02631, 2020 U.S. Dist. LEXIS 17087 (S.D.N.Y. Jan. 31, 2020). The Court concluded that the other individual defendants were not entitled to qualified immunity as a matter of law and that neither these defendants nor the Village had established their Mt. Healthy defense as a matter of law. See Id. at *23-*24, *25-*27.

Thereafter, the remaining defendants filed an interlocutory appeal from this Court's Opinion and Order.   In doing so, the individual defendants invoked the Court of Appeals' jurisdiction under the collateral order doctrine on the ground that the district court's denial of qualified immunity was immediately appealable.  The Village attempted to invoke the Court's pendant appellate jurisdiction on the ground that the issue of qualified immunity was inextricably intertwined with the issue of qualified immunity, such that a favorable determination for the individual defendants would necessarily favor the Village, warranting reversal and entry of judgment in favor of all defendants.

On March 10, 2021, the Second Circuit entered a Summary Order resolving defendants' appeal. See Snowden v. Solomon, 847 Fed.App'x. 54, 56 (2d Cir. 2021) (summary order).  It concluded that, as a matter of law, the individual defendants were entitled to qualified immunity, and it reversed this Court's denial of their summary judgment motion on qualified immunity grounds. See Id. at 57. But it also declined to exercise pendant jurisdiction over the Village's putative appeal and dismissed same. See Id.

On remand, the Village requested permission to file the instant motion under Fed. R. Civ. P. 60.  The Court set a briefing schedule and Snowden now timely responds to the Village's motion.  A jury trial is also scheduled to commence on December 13, 2021, subject to the Court's COVID-19 scheduling protocols.

## STANDARD OF REVIEW

Rule 60 provides, in pertinent part: "On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justified relief." Fed. R. Civ. P. 60(b)(6).  The decision whether to a grant such a motion "is committed to the sound discretion of the district court." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (quotation marks & citations omitted).  Ordinarily, a party seeking such relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant relief." Id. (quotation marks & citations omitted).  "[A] change in decisional law rarely constitutes the extraordinary circumstances required to prevail on a Rule 60(b)(6) motion." Id. at 69.

## ARGUMENT

The Village has failed to establish a legitimate justification – let alone exceptional circumstances – warranting vacatur of this Court's January 31, 2020 Opinion and Order denying its summary judgment motion.  Indeed, none exist, and the Village's futile expedition fails before it even begins.

At bottom, the Village's argument rests entirely on a faulty premise – that the Second Circuit concluded, as a matter of law, that Snowden's suspension and termination were justified and did not a violate his First Amendment rights.  Indeed, it restates this faulty premise, in different variations, no less than five times throughout its brief:

- "In holding that the individual defendants are entitled to qualified immunity, the Court of Appeals determined that the adverse employment actions complained of by plaintiff in

3

this case was justified and lawfully undertaken, and did not constitute a violation of the plaintiff's First Amendment rights." Def. Mem. at 2.

- "In this case, the Court of Appeals found that the plaintiff's egregious on-the-job misconduct did support his termination under the law." Def. Mem. at 3.

- "As detailed in the Court of Appeals' Summary Order, the adverse employment action was lawful even under the plaintiff's version of the facts." Def. Mem. at 5.

- "Based on even the plaintiff's version of the facts, the Court of Appeals found that the decisions to suspend and fire were lawful, did not amount to a First Amendment violation, and, in fact, restored public confidence." Def. Mem. at 6.

- "But the Court of Appeals determined that the plaintiff's suspension and firing, even under the plaintiff's version of the facts, was lawful. That is, in determining that the individual defendants are entitled to qualified immunity, the Court of Appeals necessarily held that no rational jury could conclude that the individual defendants violated the plaintiff's statutory rights by terminating the plaintiff's employment." Def. Mem. at 6.

But no matter how many times it repeats it, the Village's premise remains incorrect. This is simply not what the Second Circuit held. And once this foundational premise is removed, the Village's entire argument crumbles.

Indeed, contrary to the Village's assertion, the Second Circuit did *not* conclude that defendants' adverse actions, in fact, were justified and constitutional as a matter of law. Rather, all it held was that, under the law that was clearly established at the time, the individual defendants *could have reasonably believed* that their actions were justified by a vital interest such that they are entitled to qualified immunity. See Snowden, 847 Fed.App'x. at 56 (2d Cir. 2021) ("[E]ven assuming Defendants-Appellants fired Snowden for his political association with Mayor Jenkins, no clearly established law exists such that a reasonable official in the position of the Defendants-Appellants could not have concluded that a permissible 'vital interest' . . . supported termination); Id. at 57 ("Reasonable officials in the Defendants-Appellants' position *could thus well have perceived* a vital interest in suspending and terminating Snowden based on his association with the Mayor . . . ." (emphasis added)).

4

Accordingly, the Second Circuit decided only the issue of qualified immunity as to the individual defendants.  Notably, in doing so, the Court recognized that it lacked jurisdiction to consider any other issue and expressly refused to exercise pendant appellate jurisdiction over the Village's attempt to appeal the denial of its summary judgment motion.  See Id. at 57.  This refusal is telling and further undermines the Village's position herein.

Indeed, as the Second Circuit recognized, when it has appellate jurisdiction over an interlocutory qualified immunity appeal, it has discretion to exercise pendant appellate jurisdiction "over issues that are not ordinarily subject to interlocutory review whenever (1) they are inextricably intertwined with the determination of qualified immunity or (2) their resolution is necessary to ensure meaningful review of the district court's ruling on qualified immunity." Id. (quotation marks & citations omitted).

For instance, in Sadallah v. City of Utica, 383 F.3d 34, 39 (2d Cir. 2004), the Court exercised pendant appellate jurisdiction on an interlocutory qualified immunity appeal to dismiss the plaintiff's claims against the municipal defendant because the plaintiff's failure to establish the "plus" component of his stigma plus due process claim, which warranted qualified immunity for the individual defendant, necessarily also warranted dismissal of his claim against the municipality.  In other words, there, qualified immunity was premised on plaintiff's failure to establish her underlying due process claim and, since her claim against the municipality was identical to her claim against the individual, the issues necessary to resolve the individual's qualified immunity appeal and the city's pendant appeal were inextricably intertwined.

The Village made a similar argument here.  But the Second Circuit correctly rejected it, holding that none of the grounds warranting exercise of pendant appellate jurisdiction exist and, thus, it "mut therefore decline to exercise pendant jurisdiction over Snowden's claims against the

Village of Monticello." <u>Snowden</u>, 847 Fed.App'x. at 57.   This refusal to exercise pendant jurisdiction also demonstrates the fallacy of the Village's argument on its instant motion. Indeed, if, in fact, the Second Circuit concluded that the defendants' actions were justified as a matter of law under <u>Mt. Healthy</u>, or for some other reason, then, like in <u>Sadallah</u>, it would have simply exercised pendant appellate jurisdiction over the Village's claim because that claim would have been inextricably intertwined with the determination of qualified immunity.  The fact that it did not do so demonstrates that it did not hold as the Village contends it did.

It is in the foregoing light that the language the Village quotes from the Summary Order regarding the "conventional role of the First Amendment" and "restor[ing] the public faith and integrity of the Village and its officers" must be read. <u>See</u> Def. Mem. at 6 (quoting <u>Snowden</u>, 847 Fed.App'x. at 56-57).  When read in this light, it is apparent that the Court was simply explaining that it was objectively reasonable for the individual defendants to have come to these conclusions, such that they are entitled to qualified immunity.  Indeed, it is directly after the passage the Village quotes that the Court concluded: "Reasonable officials in the Defendants-Appellants' position ***could thus well have perceived*** a vital interest in suspending and terminating Snowden based on his association with the Mayor . . . ." <u>Id.</u> at 57 (emphasis added).

To the extent the Village's quoted passage might possibly be capable of a broader interpretation, same should be construed as mere *dicta*, as such a broad meaning was not necessary to the Court's ultimate qualified immunity holding and, indeed, had the Court meant its language to have the broad meaning the Village attributes, it likely would have exercised pendant appellate jurisdiction over the Village's putative appeal and applied its holding thereto.

Having established that the Second Circuit's March 10, 2021 Summary Order provides no basis to disturb this Court's denial of the Village's summary judgment motion, the Court

should reject what appears to be the Village's attempt to otherwise re-litigate issues this Court already resolved in its January 31, 2020 Opinion and Order. See Def. Mem. at 2-5; See also Declaration of Ralph Puglielle, Jr., dated June 28, 2021 ("Puglielle Decl.") and annexed exhibits. Indeed, it appears that, by submitting with its instant motion its previous summary judgment submissions, the Village is attempting to bootstrap an untimely motion for reconsideration/reargument. See Local Rule 6.3 ("Unless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motions hall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . .").

In short, to the extent the Village's request for reconsideration is premised upon its interpretation of the Second Circuit's Summary Order, it fails for the reasons stated above.  And absent that predicate, there is no other proper basis to seek reconsideration/reargument and, in any event, the Court's January 31, 2020 Opinion and Order denying the Village's summary judgment motion did not overlook or misapprehend anything and was otherwise correct.

## CONCLUSION

The Second Circuit did not hold what the Village posits it did.  Its conclusion that the individual defendants are entitled to qualified immunity did not resolve the underlying constitutional claim, or the Village's Mt. Healthy defense, as a matter of law.  This fact is evident from the plain text of the decision and, had it held as the Village contends, the Court simply would have exercised pendant appellate jurisdiction and resolved the Village's appeal in its favor.  Of course, it did not do so.  Nor has the Village otherwise even come close to carrying its burden of establishing exceptional circumstances warranting vacatur of this Court's January

7

31, 2020 denial of its summary judgment motion.   Thus, its Rule 60(b)(6) motion must be

denied, and the matter should proceed to trial as presently scheduled.

Dated:  Goshen, New York
         July 12, 2021                      Respectfully submitted,

                                    SUSSMAN & ASSOCIATES
                                    *Attorneys for Plaintiff*

                                    By:

                                       Jonathan R. Goldman (JG8710)
                                       1 Railroad Avenue, Ste. 3
                                       P.O. Box 1005
                                       Goshen, NY 10924
                                       (845) 294-3991 [Tel]
                                       (845) 294-1623 [Fax]
                                       jgoldman@sussman.law

TO:     Ralph Pugliele, Jr.
         Drake Loeb, PLLC
         555 Hudson Valley Avenue, Ste. 100
         New Windsor, New York 12553
         (845) 561-0550