UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JAMES SNOWDEN,

                Plaintiff,                      17 cv 02631 (VB)

vs.                                          **JOINT PRE-TRIAL ORDER**

VILLAGE OF MONTICELLO,

                Defendant.

------------------------------------------------------------x

        In accordance with Paragraph 4(A) of the Court's Individual Rules of Practice, the parties to the above-captioned matters respectfully submit this Joint Pre-Trial Order and state as follows:

### I.     The full caption of the action.

The full current caption of this case is as set forth above.

### II.     The names, addresses (including firm names), email address, and telephone and fax numbers of trial counsel.

For Plaintiffs:

Michael H. Sussman, Esq.
Jonathan R. Goldman, Esq.
SUSSMAN AND ASSOCIATES
1 Railroad Avenue, Suite 3
P.O. Box 1005
Goshen, New York
(845) 294-3991 [Tel]
(845) 294-1623 [Fax]
sussman1@sussman.law
jgoldman@sussman.law

For Defendant:

Ralph L. Puglielle, Jr.
Drake Loeb PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
(845) 458-7341 [Tel]
(845) 458-7342 [Fax]
rpuglielle@drakeloeb.com

**III.     A brief statement by plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence of absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount.**

As plaintiff's claims all arise under 42 U.S.C. § 1983 based on their allegations of violation of their rights under the First Amendment to the U.S. Constitution, this Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §§ 1983 and 1988. Defendant does not dispute the Court's subject matter jurisdiction.

**IV.    A brief summary by each party of the claims and defenses that party has asserted that remain to be tried, without recital of evidentiary matter but including citations to all statutes relied on. The parties shall also identify all claims and defenses previously asserted that are not to be tried.**

Plaintiffs' claims to be tried:

1. Whether the Village of Monticello terminated plaintiff's employment because of his association with Gordon Jenkins in violation of the First Amendment to the United States Constitution?

2. What sum of damages is plaintiff due to compensate him for the emotional distress suffered as a result?

Defendant's defenses to be tried:

1. Whether the plaintiff, as code enforcement officer, held a policymaking position and, therefore, does not have a viable claim for alleged retaliation in violation of his First Amendment rights based upon his political association?

2. Whether the Village of Monticello would have terminated the plaintiff regardless of the plaintiff's alleged political association?

**V.     A statement by each part as to whether the case is to be tried with or without a jury, and the number of trials days needed.**

The case is to be tried with a jury. The parties have requested 5 trial days.

**VI.    A statement as to whether all parties have consented to trial of the case by a magistrate judge (without identifying which parties have or have not so consented).**

All parties do not consent to trial of the case by a magistrate judge.

2

**VII.** **Any stipulations or agreed statements of fact or law.**

The parties have not stipulated to any statements of fact or law.

**VIII.** **A list of witnesses each party expects to call on its case in chief, including a very brief description of the witness's role and/or the subject matter of his or her anticipated testimony, and a statement as to whether any other part objects to the witness.**

Plaintiff expects to call the following witnesses in their case in chief:

1. James Snowden will testify about his association with Mayor Jenkins, his job performance, the expansion of his duties in 2013-early 14, his contract with the Village, actions taken against him by the majority of the Board and former Village Manager Nargizian and his damages.
2. Former Mayor Gordon Jenkins will testify about his association with Snowden, the attack by a majority of the new Board and him and his agenda, what he heard and witnessed with regard to the majority's attack on Snowden and the job performance of Mr. Snowden, particularly his involvement or lack of involvement in the demolition of the old courthouse.
3. John Fuller, village engineer, will testify about his interactions with Snowden and Jenkins and the Mayor's involvement with the demolition of the old courthouse.
4. Former Mayor Douglas Solomon will testify about the actions the new Board majority took regarding Snowden and his support for Snowden's termination.
5. Carmen Rue, a council member, will testify about her hostility toward Jenkins and Snowden and her writings and statements manifesting that her support for Snowden's termination.
6. Jill Weyer, a former council member, will testify about her alliance with Rue and Snowden and their agenda to terminate Snowden because of his affiliation with Jenkins.
*7. Seth Piker will testify about the asbestos report he provided to Fuller in June 2012 and his subsequent involvement with Department of Labor and DEC concerning the demolition of the Old Courthouse.
*8. Dennis Lynch, Esq. will testify about the hostility toward Jenkins and Snowden he witnessed while serving as Village Attorney and the various ways the same manifested itself.
*9. Jason Pensabene, NY State Department of Labor will testify about his agent's response to the demolition of the old courthouse.
*10. Anthony Arias, an accountant and auditor, will testify about his agreement with Nargizian to audit plaintiff's use of time in may 2014.

Defendant may call the following witnesses in its case in chief:

1. Douglas Solomon. Solomon is a former village trustee and former village mayor. Solomon will testify as to the reasons for the actions of the Board of Trustees complained of by the plaintiff and the plaintiff's termination.

2. Jill Weyer. Weyer is a former village trustee. Weyer will testify as to the reasons for the actions of the Board of Trustees complained of by the plaintiff and the plaintiff's termination.

3

3. Carmen Rue. Rue is a current village trustee. Rue will testify as to the reasons for the actions of the Board of Trustees complained of by the plaintiff and the plaintiff's termination.

4. Raymond Nargizian. Nargizian is a former village manager. Nargizian will testify as to the reasons for the actions that he undertook complained of by the plaintiff.

5. David Sager. Sager is a former village manager. Sager will testify as to the reasons for the plaintiff's termination.

6. John Fuller, P.E. Fuller will testify as to the presence of asbestos in the justice court building that was demolished and his interaction with the plaintiff prior to the demolition in which he indicated to the plaintiff that asbestos was present.

*7. Glenn Smith, P.E. Smith has knowledge as to the plaintiff's overall poor job performance as code enforcement officer.

*8. Marciano Perez Soto. Soto will testify as to the demolition of the justice court building, conversations that he had with the plaintiff as to whether asbestos was present in the justice court building, and promises of extra work if he demolished the justice court building for a discounted fee. If Soto is unavailable to testify, the defendant intends to use the transcript of Soto's testimony from the Civil Service Law §75 hearing.

*9. Walter Fedun. Fedun is a former deputy mayor. He will testify as to the plaintiff's overall poor job performance as code enforcement officer.

*10. Robert Mir. Mir is the current village police chief. He will testify as to representations made by the plaintiff to the demolition contractor that asbestos was not present in the justice court building.

*11. Michael Davidoff. Davidoff is the current village attorney. He will testify as to the illegality of the plaintiff's employment contract.

*12. Sam Kearney. Kearney will testify as to the demolition of the justice court building and conversations that he had with the plaintiff as to whether asbestos was present in the justice court building.

**IX.    A designation by each party of deposition testimony to be offered in its case in chief, with any cross-designations and objections by any other party.**

Neither plaintiff nor defendant expects to offer deposition testimony in their cases in chief.

**X.    A list by each party of exhibits to be offered in its case in chief, with an asterisk indicating exhibits to which there is an objection. The failure to include an asterisk may be deemed a waiver of any objection.**

4

**Plaintiff's Exhibits:**

P-1 – 2/14/12, Snowden application for employment and resume

*P-2 – 6/5/12, Letter, Fuller to Monticello Board with project cost estimate

*P-3 – 6/24/12, Bulk Asbestos Report

*P-4 – 8/21/12, Fuller Project Cost Estimate,

*P-5 – 9/4/12, Monticello Municipal Building Renovations

* (as to Lynch e-mail) P-6 – 7/17/13, Email exchange Lynch and Rue

*P-7 – 9/23/13, Certificate of Liability Insurance for Kearney on behalf of Village of Monticello

P-8 – 9/27/13, Memo, Jenkins to All departments and Department heads

*P-9 – 9/30/13, Agreement, Kearney and Village of Monticello

*P-10 – 10/1/13, Letter, Snowden to McDaid

*P-11 – 10/1/13, Letter, Snowden to Torjima

*P-12 – 10/1/13, Excerpt from Minutes of Village Board

*P-13 – 10/2/13, Letter, Snowden to Empire Asset Group

*P-14 – Soto Supporting Deposition

*P-15 – Kearney Supporting Deposition

P-16 – 10/7/13, Letter, Rue to Snowden

*P-17 – 10/10/13, Hudson Valley Environmental to NY State Dept of Labor

*P-18 – 10/10/13, Letter with test results from Paula Weaver to Jason Pensabene

*P-19 - 10/12/13, Piker to Dep't of Labor

*P-20 – 10/16/13, Letter Dept of Labor to Hudson Valley Environmental

*P-21 – 10/23/13, Fuller invoices

*P-22 – 10/25/13, Email from Fuller to Lynch, et al

*P-23 – 10/25/13, Letter, Lynch to Dept of Labor

5

*P-24 – 12/24/13, "Parties Unite for Monticello Candidates," TH-Record

P-25 – 1/10, 1/12 and 3/14 – Rue posts

*P-26 – Weyer /Solomon campaign literature

*P-27 – 1/21/14, Board of Trustees Minutes & Resolution of Village Board re: Demolition

*P-28 – 3/6/14, Letter, Shah to Jenkins

*P-29 – Undated Political flyer for Monticello Unite

P-30 – 3/12/14, Employment agreement Village and Snowden

*P-31 – 4/12/14, Email, Kristt to Weyer

*P-32 – 4/16/14, Emails, Rue to Snowden

P-33 – 5/7/14, Absence request from Snowden to Nargizian

P-34 – 5/7/14, Email from Snowden to Weyer

P-35 – 5/15/14, Letter, Nargizian to Snowden

P-36 – 5/15/14, Letter, Snowden to Nargizian

P-37 – 5/27/14, Engagement Letter, Cooper, Arias to Nargizian

*P-38 – 5/26/14, "Monticello Board Revokes Controversial Pay Contract," TH-Record

*P-39 – 5/26/14, "Snowden Contracted Voided," TH-Record\

P-40 – 6/4/14, Letter, Snowden to Jenkins

P-41 – 7/2/14, Email, Weyer to Nargizian

P-42 – 7/18/14, Memo, Nargizian to Department Heads

*P-43 – 9/22/14, Letter Galligan to Greenwald with discovery in criminal case

*P-44 – 9/22/14, Letter, Galligan to Greenwald with discovery in criminal case

P-45 – 7/1/16, Disciplinary Charges

P-46 – 7/8/16, Verified Answer to Charges

P-47 – 9/16, Hearing Officer report

P-48 – 9/12/16, Termination Letter

*P-49 – 10/26/16, Letter, Tully to Snowden

P-50 – 9/18/18, Certificate of Disposition of Criminal Charges against Snowden

* (as to 2018-20) P-51(a)-(f) – Snowden Tax Returns 2015-2020

**Defendant's Exhibits:**

D-1     Code Enforcement Officer Job Description

D-2     Resolution dated May 20, 2014

D-3     Resolution dated August 5, 2014

D-4     Resolution dated August 19, 2014

D-5     Sealed indictment dated August 13, 2014

D-6     Notice and Statement of Charges pursuant to the provisions of Section 75 of the Civil Service Law dated July 1, 2016 with exhibits thereto

D-7     Designation of Hearing Officer dated July 1, 2016

D-8     Hearing Officer's Report

*D-9    Notice of Determination dated September 12, 2016

D-10    Correspondence dated September 12, 2016 from Michael Davidoff, Esq. to Glenn Kroll, Esq.

D-11    Minutes from September 20, 2016 meeting of the Board of Trustees

D-12    Walter Fedun's findings

*D-13   Walter Fedun's findings

*D-14   Walter Fedun's findings

*D-15   Walter Fedun's findings

*D-16   Memorandum of Glenn Smith, P.E.

D-17    Asbestos report dated June 24, 2012

7

D-18    Hudson Valley Environmental Report dated October 10, 2013

D-19    Galson Laboratories Report dated October 10, 2013

D-20    Department of Labor Decision dated October 15, 2013

D-21    Contract between Village of Monticello and Sam's Property Management

*D-22   Supporting Deposition of Marciano P. Soto

*D-23   Supporting Deposition of Sam Kearney

*D-24   Voucher (Specialty Trades Contracting), Transmittal Letter, Applications for Payment

*D-25   "Workers says they were 'misled' about asbestos in Monticello," THR, November 21, 2013

*D-26   Village Code Statutes.

The defendant requests that the Court take judicial notice of the following Village Code Sections: Chapter 1. GENERAL PROVISIONS, §1-16 Penalties for offenses; Chapter 45. OFFICERS AND EMPLOYEES, §45-5 Administrative and executive powers; §45-7 Appointment of Village officers and employees; §45-11. Definitions; Chapter 105, BUILDING CODE ADMINISTRATION AND ENFORCEMENT; Chapter 109. BUILDINGS, ABANDONED; Chapter 119. BUILDINGS, UNSAFE; Chapter 165. HOUSING STANDARDS; Chapter 177. LITTERING; and Chapter 185, NOISE.

The defendant also requests that the Court take judicial notice of the following case law: Snowden v. Village of Monticello, 166 A.D.3d 1451, 89 N.Y.S.3d 366 (3d Dep't 2018); People v. Snowden, 160 A.D.3d 1054, 1056, 75 N.Y.S.3d 108, 111 (3d Dep't 2018); and Greco v. Jenkins, 127 A.D.3d 1269, 6 N.Y.S.3d 318 (3d Dep't 2015).

The defendant further requests that the Court take judicial notice of the Hearing Officer's Report issued in the plaintiff's Civil Service Law §75 hearing and findings therein.

**XI.    A statement of the relief sought, including damages claimed, itemizing each component or element of the damages sought with respect to each claim, and including the manner and method used to calculate the claimed damages.**

Plaintiff seeks the following relief:

Back pay of $280,000 pre-interest or $40,000/year since his removal from his position. This is calculated from comparison between salary earned in the position and since.

Emotional distress damages relating to public humiliation and shaming in the sum of $200,000

Plaintiff will also seek an award of attorneys' fees and litigation costs at undetermined sums.

XII.  **A statement as to whether the parties consent to a less than unanimous verdict.**

The parties do not consent to a less than unanimous verdict.

Respectfully submitted,

_____
Michael H. Sussman, Esq. (3497)
Jonathan R. Goldman, Esq.
PO Box 1005
1 Railroad Avenue
Goshen, NY 10924
Tel. No.: (845)-294-3991
Counsel for Plaintiff

_____
Ralph L. Puglielle, Jr.
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: (845) 458-7341
Counsel for Defendant