```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JAMES SNOWDEN,                                                :
                        Plaintiff,                            :
                                                              :   MEMORANDUM OPINION
                                                              :   AND ORDER
v.                                                            :
                                                              :   17 CV 2631 (VB)
                                                              :
VILLAGE OF MONTICELLO,                                        :
                        Defendant.                            :
--------------------------------------------------------------x
```

Briccetti, J.:

      Plaintiff James Snowden originally brought this Section 1983 action against defendants Douglas Solomon, Jill Weyers, Carmen Rue, Robert Mir, and Raymond Nargizian (the "individual defendants"), as well as the Village of Monticello (the "Village"), alleging they violated his First Amendment rights by retaliating against him on the basis of his protected political association with Gordon Jenkins, the former Monticello Mayor and Village Manager.

      On January 31, 2020, the Court issued an Opinion and Order (the "January 31 Order") granting in part and denying in part defendants' motion for summary judgment. (Doc. #75). On March 10, 2021, the Second Circuit reversed in part, dismissed the Village's appeal, and remanded to this Court for further proceedings consistent with its summary order. (Doc. #97). The Village is the only remaining defendant.

      Now pending is the Village's motion for relief pursuant to Rule 60(b)(6). (Doc. #103).[1]

      For the reasons set forth below, the motion is DENIED.

      The parties' familiarity with the facts and procedural history of this case is presumed.

      Rule 60(b) enumerates six bases upon which a court may relieve a party from a "final judgment, order, or proceeding," including for "any other reason that justifies relief." Fed. R.

---

[1] Defendant does not specify the subsection of Rule 60 pursuant to which it makes the instant motion. The Court fairly construes the motion as one brought under Rule 60(b)(6).

1

Civ. P. 60(b)(6).  "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).[2] "Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." Id. (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 864 (1988)).

Here, the Village seeks to vacate the January 31 Order insofar as it held there are disputed issues of material fact with respect to the retaliation claim against the Village.  According to the Village, the Second Circuit's decision stated it was lawful for the Village to terminate plaintiff.

Defendant's reading of the Second Circuit decision is wrong.

The January 31 Order granted in part and denied in part defendants' motion for summary judgment.  The Court granted the motion as to defendant Mir, concluding he was entitled to qualified immunity, but denied the motion as to the other individual defendants and the Village.  It concluded there were disputed issues of material fact as to whether plaintiff was politically associated with Mayor Jenkins, or whether defendants perceived him as being politically associated with Mayor Jenkins, as well as whether plaintiff's political association with Mayor Jenkins—actual or perceived—was a substantial motivating factor in the decisions to suspend and terminate him.  The Court also concluded the individual defendants other than Mir were not entitled to qualified immunity as a matter of law.  (Doc. #75); Snowden v. Solomon, 2020 WL 509057 (S.D.N.Y. Jan. 31, 2020).

---

[2]     Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

The remaining defendants filed an interlocutory appeal from the January 31 Order, invoking the Circuit's jurisdiction under the collateral order doctrine on the ground that the denial of qualified immunity was immediately appealable.  They also argued the Circuit had pendent appellate jurisdiction to review this Court's denial of summary judgment as to the Village.  The Second Circuit reversed this Court's decision in part, concluding the appealing individual defendants were entitled to qualified immunity.  The Circuit declined to exercise pendent jurisdiction over the Village's appeal and dismissed the same.  (Doc. #97); Snowden v. Solomon, 847 F. App'x 54 (2d Cir. 2021) (summary order).

In concluding the individual defendants were entitled to qualified immunity—which requires a court to determine no rational jury could conclude (i) the defendant violated a statutory or constitutional right, and (ii) the right was clearly established at the time of the challenged conduct—the Circuit held "a government employer may fire an employee based on political belief and association only if [the employer] had a vital interest in doing do." Snowden v. Solomon, 847 F. App'x at 56.  It further explained, "even assuming [the individual defendants] fired Snowden for his political association with Mayor Jenkins, no clearly established law exists such that a reasonable official in the position of the [individual defendants] could not have concluded that a permissible vital interest—avoiding having the judgment and professionalism of the Village brought into serious disrepute—supported termination." Id.  Thus, as to the second prong of the qualified immunity analysis, the purportedly retaliatory actions were not prohibited by clearly established law.

However, the Second Circuit did not hold any defendant, including the Village, was legally correct in suspending or terminating plaintiff.  It also did not hold defendants did not violate plaintiff's constitutional rights to political association.  Ultimately, the Second Circuit's

3

ruling that the appealing individual defendants are entitled to qualified immunity affects neither the substantive claim against the Village nor this Court's holding that there are issues of material fact regarding whether the Village terminated plaintiff in retaliation for his purported political association with Mayor Jenkins.

Accordingly, defendant has established no "extraordinary circumstances" warranting relief from the Court's January 31 Order, and thus the Rule 60(b)(6) motion must be denied.

## CONCLUSION

The motion for relief pursuant to Rule 60(b)(6) is DENIED.

The dates and deadlines set forth in the Court's Order of June 14, 2021 (Doc. #102), as modified by the Court's Order of September 15, 2021 (Doc. #113), regarding the tentatively scheduled trial remain in effect.

The Clerk is instructed to terminate the motion. (Doc. #103).

Dated:  October 25, 2021
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge