UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JAMES SNOWDEN,                                               Hon. Vincent L. Briccetti

                       Plaintiff,             Case No.: 17-cv-02631-VB

   -against-

VILLAGE OF MONTICELLO,

                       Defendant.
----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE

                       Yours, etc.,

                       DRAKE LOEB PLLC
                       *Attorneys for Defendant –*
                       *Village of Monticello*
                       555 Hudson Valley Avenue, Suite 100
                       New Windsor, New York 12553
                       Tel. No.: (845) 561-0550

<u>Of Counsel</u>:

RALPH L. PUGLIELLE, JR.

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................ 1

MOTION IN LIMINE NO. 1

    THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AT TRIAL CHALLENGING THE FINDINGS OF FACT MADE BY THE HEARING OFFICER AT THE PLAINTIFF'S CIVIL SERVICE LAW §75 HEARING ................................................... 1

MOTION IN LIMINE NO. 2

    THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AT TRIAL AS TO HIS CLAIM FOR BACK PAY BASED UPON THE FINDINGS OF FACT MADE AT THE CIVIL SERVICE LAW §75 HEARING AND THE PLAINTIFF'S UNSUCCESSFUL STATE COURT CHALLENGE TO HIS TERMINATION ................................................................................ 4

MOTION IN LIMINE NO. 3

    IN THE ALTERNATIVE, THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AS TO HIS CLAIM FOR BACK PAY AS HE FAILED TO MITIGATE HIS ALLEGED DAMAGES ............. 8

MOTION IN LIMINE NO. 4

    IN THE ALTERNATIVE, THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AS TO HIS CLAIM FOR BACK PAY DUE TO THE PLAINTIFF'S FAILURE TO COMPLY WITH RULE 26, WHICH REQUIRES THE DISCLOSURE OF BOTH A CALCULATION OF DAMAGES AND THE DOCUMENTS SUPPORTING THAT CALCULATION .......... 9

CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

Page

**Federal Cases:**

Arbercheski v. Oracle Corp., 650 F. Supp. 2d 309, 314 (S.D.N.Y. 2009) .................. 9

Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.,
411 F.3d 306, 312 (2d Cir. 2005) ............................................................................. 1

Design Strategy, Inc. v. Davis, 469 F.3d 284 (2d Cir. 2006) ...................................... 10

Fortunatus v. Clinton Cty., 937 F. Supp. 2d 320, 332 (N.D.N.Y. 2013) ..................... 7

Garcia v. Yonkers Bd. of Educ., 2018 WL 4007648, at *5 (S.D.N.Y. 2018) ............. 1

Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 696 (2d Cir. 1998) ....................... 5

Hine v. Mineta, 238 F. Supp. 2d 497, 499–500 (E.D.N.Y. 2003) ............................... 8

Levich v. Liberty Cent. Sch. Dist., 361 F. Supp. 2d 151, 159 (S.D.N.Y. 2004) ......... 1

McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362,
115 S. Ct. 879, 886, 130 L. Ed. 2d 852 (1995) ........................................................ 4

Meschino v. Int'l Tel. & Tel. Corp., 661 F. Supp. 254, 257 (S.D.N.Y. 1987) ............ 5

Munnelly v. Mem'l Sloan Kettering Cancer Ctr., 741 F. Supp. 60, 62
(S.D.N.Y. 1990) ........................................................................................................ 5

Paluh v. HSBC Bank USA, 409 F. Supp. 2d 178, 204–05 (W.D.N.Y. 2006) ............ 8

Snowden v. Solomon, 2020 WL 509057, at *1 (S.D.N.Y. 2020) ................................ 1

Snowden v. Solomon, 847 F. App'x 54, 57 (2d Cir. 2021) .......................................... 7

Snowden v. Village of Monticello, 166 A.D.3d 1451, 89 N.Y.S.3d 366, 369–70
(3d Dep't 2018) ................................................................................................. 3,4,6,12

Thomas v. Town of Southeast, 336 F. Supp. 3d 317, 326 (S.D.N.Y. 2018) ............... 1

Vichare v. AMBAC Inc., 106 F.3d 457, 468 (2d Cir. 1996) ........................................ 5

## STATUTES

Civil Service Law §75 .................................................................................................. 1, 4-7

CPLR Article 78 ............................................................................................................ 3, 5, 7

Federal Rule of Civil Procedure 26(a) ........................................................................ 9

Federal Rule of Civil Procedure 26(e) ........................................................................ 10

Federal Rule of Civil Procedure 37(c)(1) .................................................................... 10

The defendant, Village of Monticello, respectfully moves the Court in limine for the following relief pursuant to this Court's Order dated June 14, 2021 (Doc. 102).

### Motion in Limine No. 1

**THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AT TRIAL CHALLENGING THE FINDINGS OF FACT MADE BY THE HEARING OFFICER AT THE PLAINTIFF'S CIVIL SERVICE LAW §75 HEARING.**

It is well-settled that the factual findings made by a hearing officer during an administrative hearing are entitled to preclusive effect. See Thomas v. Town of Southeast, 336 F. Supp. 3d 317, 326 (S.D.N.Y. 2018) ("this Court may give preclusive effect to the factual findings of the Section 75 Hearing Officer, insofar as such findings preclude Plaintiff from arguing facts to the contrary").[1] As this Court previously observed:

> In July 2016, plaintiff was subject to a Civil Service Section 75 hearing on charges related to the demolition of the old courthouse. As discussed infra, the hearing officer's factual findings are entitled to preclusive effect. Accordingly, the Court draws on the section 75 hearing officer's factual findings in summarizing the circumstances regarding the demolition of the old courthouse.

Snowden v. Solomon, 2020 WL 509057, at *1 (S.D.N.Y. 2020).

The hearing officer made the following findings of fact at the plaintiff's Section 75 hearing:

(a)  the courthouse building had been in disrepair for several years (Exhibit "A," p. 4);

(b)  there were discussions among the Village Board of Trustees and Village officials, including the plaintiff, that eventually the courthouse building would be demolished

---

[1] See Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 312 (2d Cir. 2005) (" 'when a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's factfinding the same preclusive effect to which it would be entitled in the state's courts' "); Garcia v. Yonkers Bd. of Educ., 2018 WL 4007648, at *5 (S.D.N.Y. 2018) (observing that "this Court may give preclusive effect to the factual findings of the 3020-a Hearing Officer, insofar as such findings preclude Plaintiff from arguing facts to the contrary" and, based upon the factual findings of the hearing officer, precluding the "Plaintiff's arguments that she was not assigned to Early College, that she had the right to refuse the transfer, or that she never told a student 'I am going to smack you' "); Levich v. Liberty Cent. Sch. Dist., 361 F. Supp. 2d 151, 159 (S.D.N.Y. 2004) ("any related issues of fact resolved by the hearing officer are precluded in this action").

1

(Exhibit "A," p. 4);

(c)  an asbestos report dated June 24, 2012 confirmed that there was asbestos material in the lower roof and roof shingles, the upper roof, the floor tiles and the exterior siding of the courthouse building (Exhibit "A," p. 4);

(d)  the percentages of asbestos in the aforesaid areas all exceeded two percent (2%) (Exhibit "A," p. 4);

(e)  there was a prior discussion between the plaintiff, the village engineer, and Gordon Jenkins ("Jenkins") regarding asbestos being present in the courthouse building prior to its demolition (Exhibit "A," p. 4);

(f)  contractors were hired by Jenkins to demolish the courthouse building (Exhibit "A," p. 4);

(g)  the plaintiff was aware of the contract/agreement pertaining to the demolition of the courthouse building (Exhibit "A," p. 4);

(h)  the plaintiff was aware that there was asbestos present in the building although he was unaware of the exact percentages (Exhibit "A," p. 4);

(i)  although the plaintiff was aware that asbestos was present, he never reviewed the report that was issued to ascertain the extent of the asbestos present in the building (Exhibit "A," p. 5);

(j)  although a permit was required to be issued prior to the demolition, no permit had ever been issued (Exhibit "A," pp. 4-5);

(k)  the plaintiff was aware that the old courthouse was being demolished and was present at or about the time that the demolition began (Exhibit "A," p. 5);

2

(l)     the plaintiff had represented to contractors involved with the demolition that there was no asbestos present in the building (Exhibit "A," p. 5); and

(m)     the plaintiff was aware that no asbestos abatement had been undertaken prior to the demolition of the courthouse building (Exhibit "A," p. 6).

The hearing officer determined that the plaintiff had engaged in conduct rising to the level of various crimes in the performance of his duties as code enforcement officer. (Exhibit "A.") In particular, the hearing officer determined that the plaintiff's misconduct constituted the crimes of Official Misconduct (Exhibit "A," p. 9), Endangering Public Health, Safety or the Environment (Exhibit "A," p. 11), and Criminal Nuisance (Exhibit "A," p. 11). The hearing officer described the plaintiff's actions as being "a serious dereliction of duty constituting incompetency and misconduct." (Exhibit "A," pp. 6-7.) As found by the hearing officer, *inter alia*, "Snowden, as the Code Enforcement Officer, had the duty to enforce the Village Code and all applicable State codes and had the obligation and duty to make sure that the demolition took place with a validly issued permit and that the permit was supported by, at the every [sic] least, appropriate safeguards and an asbestos abatement program. None of these required steps occurred." (Exhibit "A," pp. 6, 7.) After the hearing officer issued his report, the plaintiff's employment was terminated. (Exhibit "B.")

Thereafter, the plaintiff challenged the termination of his employment by the filing of an Article 78 proceeding in the Supreme Court of the State of New York, County of Sullivan. (Exhibit "C.") The plaintiff argued that his termination was arbitrary, capricious and contrary to law, and sought reinstatement and back pay.[2] The Appellate Division, Third Department, by decision dated November 29, 2018, adjudged the Village's determination to terminate the plaintiff as being proper and dismissed the petition. Snowden v. Village of Monticello, 166 A.D.3d 1451, 89 N.Y.S.3d 366

---

[2] The Article 78 proceeding was transferred by the Supreme Court to the Appellate Division, Third Department. See Snowden v. Village of Monticello, 166 A.D.3d 1451, 89 N.Y.S.3d 366 (3d Dep't 2018).

3

(3d Dep't 2018).

Based on the foregoing, the plaintiff should be precluded from offering testimony and evidence at trial challenging the findings of fact that were made by the hearing officer at the Civil Service Law §75 hearing.

## Motion in Limine No. 2

**THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AT TRIAL AS TO HIS CLAIM FOR BACK PAY BASED UPON THE FINDINGS OF FACT MADE AT THE CIVIL SERVICE LAW §75 HEARING AND THE PLAINTIFF'S UNSUCCESSFUL STATE COURT CHALLENGE TO HIS TERMINATION.**

As set forth in the Joint Pre-Trial Order (Doc. 116), the plaintiff seeks seven years of back pay totaling $280,000.00 (including the time period in which he was suspended with pay). As set forth herein, the Court should preclude the plaintiff from submitting evidence as to his back pay claim at trial.

As explained in McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362, 115 S. Ct. 879, 886, 130 L. Ed. 2d 852 (1995):

> The object of compensation is to restore the employee to the position he or she would have been in absent the discrimination, *Franks v. Bowman Transp. Co.*, 424 U.S., at 764, 96 S.Ct., at 1264, but that principle is difficult to apply with precision where there is after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it. Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit. The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. In determining the appropriate order for relief, the court can consider taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party.

McKennon, 513 U.S. at 362.

4

"[T]he make-whole approach requires that recoveries be calculated in order to prevent plaintiffs from receiving an unwarranted windfall." Munnelly v. Mem'l Sloan Kettering Cancer Ctr., 741 F. Supp. 60, 62 (S.D.N.Y. 1990). See also Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 696 (2d Cir. 1998) ("[a]n employer's discovery, after its discriminatory or retaliatory discharge of an employee, that the employee had engaged in conduct that would have led to a lawful discharge if the employer had been aware of that conduct, may limit the employee's backpay award to the period between the unlawful termination and the date on which the discovery was actually made); Vichare v. AMBAC Inc., 106 F.3d 457, 468 (2d Cir. 1996); Meschino v. Int'l Tel. & Tel. Corp., 661 F. Supp. 254, 257 (S.D.N.Y. 1987).

Here, the plaintiff was suspended with pay in August 2014 after being indicted by a grand jury in connection with his actions in the performance of his job as village code enforcement officer. After having been indicted and suspended, a Civil Service Law §75 hearing was held at which the hearing officer determined that the plaintiff had engaged in on-the-job conduct that constituted various crimes and warranted a "penalty or punishment . . . certainly . . . greater than a reprimand or a fine." (Exhibit "A," p. 14.) Upon the determination reached by the hearing officer that the plaintiff had engaged in criminal activity, the plaintiff was terminated in September 2016.

As noted above, the plaintiff then challenged the Village's determination to terminate him in a state law Article 78 proceeding in which he sought to be reinstated and awarded back pay. The Appellate Division, Third Department, rejected the plaintiff's claims and dismissed the petition in its entirety. In dismissing the petition, the Appellate Division stated:

> At the hearing, petitioner admitted that he was aware that the demolition of the building not only began without the requisite permits, but that the contractors hired to complete the job agreed to do so for only $5,000 — rather than an estimated $150,000 — in exchange for future contracts. It is further undisputed that the demolition resulted in the release of asbestos fibers where workers

5

> and passersby would be exposed to the legislatively-recognized carcinogenic agent (see 12 NYCRR 56–1.2[a] ). . . . Petitioner testified that, although he was aware that the building contained asbestos and had discussed this report with respondent's civil engineer, John Fuller, he had not read the report and "assumed" that the quantity of asbestos present did not require abatement. When asked why he did not investigate the issue of abatement further in his role as respondent's Code Enforcement Officer, he stated that he "had no obligation" to do so. Further, the Hearing Officer credited the testimony of Chief of Police Robert Mir that petitioner had told one of the demolition contractors, Sam Kearney, that he was "good to go" in response to concerns about whether asbestos was present in the building. Marciano Soto, a contractor hired to supervise the demolition of the building, similarly testified that petitioner told him on multiple occasions that the building did not contain asbestos. Upon our review, we find substantial evidence in the record to sustain the charge that petitioner "committ[ed] acts constituting crimes" — namely, endangering public health, safety or the environment in the fourth degree, official misconduct and criminal nuisance in the second degree — and, thus, to support the determination terminating petitioner's employment (see ECL 71–2711[3]; Penal Law §§ 195.00[2]; 240.45[1] ).

Snowden v. Village. of Monticello, 166 A.D.3d 1451, 1454, 89 N.Y.S.3d 366, 369–70 (3d Dep't 2018).

Most recently, the Second Circuit, in deciding the individual defendants' appeal from this Court's denial of their motion for summary judgment based on qualified immunity, observed that termination was a specific option available to the Village under the Civil Service Law and noted that the Appellate Division found the Village's termination decision to be supported by substantial evidence. The Second Circuit stated:

> In this case there was not just a criminal indictment, but an indictment that Snowden "unsuccessfully moved twice to dismiss on legal insufficiency grounds." *People v. Snowden*, 160 A.D.3d 1054, 1057, 75 N.Y.S.3d 108 (3d Dep't 2018). Based on that indictment, an independent third party—a Hearing Officer in a Section 75 hearing—concluded not only that Snowden should be penalized, but that his penalty "should be greater than a reprimand or fine," leaving three potential options under Civil Service Law

6

> Section 75(3) as options for punishment: "suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service." App'x at 214. Although "dismissal from service" was the harshest punishment available, it was explicitly permitted as an option under Civil Service Law Section 75(3). Moreover, the Village's termination decision was then upheld by the Appellate Division as "supported by substantial evidence." *Snowden v. Vill. Of Monticello*, 166 A.D.3d 1451, 1453–54, 89 N.Y.S.3d 366 (2018).

Snowden v. Solomon, 847 F. App'x 54, 57 (2d Cir. 2021)

Even assuming *arguendo* that the plaintiff was initially suspended because the Village sought to retaliate against him (as opposed to suspending him because he was indicted and charged with various crimes in connection with his official job duties), the developments that arose after the plaintiff was suspended warrant the denial of back pay. In particular, after the plaintiff was suspended, the hearing officer presiding over the plaintiff's Civil Service Law §75 hearing found that the plaintiff had engaged in on-the-job criminal conduct that warranted a "penalty or punishment . . . certainly . . . greater than a reprimand or a fine," the state court dismissed the plaintiff's Article 78 proceeding challenging his termination and seeking reinstatement and back pay, the state court adjudicated that the plaintiff's termination was supported by substantial evidence, and, as recently pointed out by the Second Circuit, termination was "explicitly permitted as an option under Civil Service Law Section 75(3)."

Accordingly, under these circumstances, the Court should preclude the plaintiff from offering testimony and evidence in support of his claim for back pay. Fortunatus v. Clinton Cty., 937 F. Supp. 2d 320, 332 (N.D.N.Y. 2013) (observing that "[u]nder New York law, the doctrine of collateral estoppel applies to a prior Article 78 proceeding, precluding the relitigating in a subsequent action an issue clearly raised therein"). Moreover, it is respectfully submitted that the

7

plaintiff's receipt of his salary during the period of time in which he was under suspension otherwise suffices to make the plaintiff "whole" on his First Amendment retaliation claim.

### Motion in Limine No. 3

**IN THE ALTERNATIVE, THE PLAINTIFF SHOULD BE PRELUDED FROM OFFERING TESTIMONY AND EVIDENCE AS TO HIS CLAIM FOR BACK PAY AS HE FAILED TO MITIGATE HIS ALLEGED DAMAGES.**

A plaintiff who seeks an award of back pay "must attempt to mitigate her damages by using 'reasonable diligence in finding other suitable employment.' The burden to mitigate is not onerous, and only requires that the employee make reasonable efforts to obtain suitable other employment." Hine v. Mineta, 238 F. Supp. 2d 497, 499–500 (E.D.N.Y. 2003) (citations omitted) (denying back pay where "the plaintiff made no viable attempt to find any kind of employment for more than seven years"). See also Paluh v. HSBC Bank USA, 409 F. Supp. 2d 178, 204–05 (W.D.N.Y. 2006) (" Significantly, Paluh does not maintain that he undertook any job search, diligent or otherwise, upon being terminated from HSBC and before deciding to return to school. Under these circumstances, no reasonable trier of fact could find that Paluh's decision to return to school was made only after a diligent, yet fruitless, job search. As such, summary judgment as to this claim should be granted in HSBC's favor.")

Here, the plaintiff testified at his deposition that he did not engage in any job search for comparable employment with another municipality or otherwise after being terminated by the Village. In that regard, the plaintiff testified:

> Q: And to date have you attempted to obtain any jobs with any municipalities after your termination from the village?
>
> A: Not at this point, sir.
>
> Q: And other than municipalities have you sought employment with any other companies?

8

A:   No.

(Exhibit "D," pp. 153:21-25; pp. 154: 2-3.)

Q:   And just to[3] the record is clear, have you applied for any jobs after your termination from the village?

A:   No.

(Exhibit "D," p. 168:7-10.)

In addition to the plaintiff's deposition testimony, the plaintiff has not disclosed any documents demonstrating that the plaintiff undertook any effort to find comparable employment after his termination. Rather, the plaintiff apparently chose to work with his brother in a construction business.

Under such circumstances, the plaintiff should be precluded from seeking back pay at trial as he failed to undertake *any* job search to find comparable employment. It is noted that where, as here, a plaintiff has failed to undertake any job search to find comparable employment, an employer is not required to show that comparable employment existed. See Arbercheski v. Oracle Corp., 650 F. Supp. 2d 309, 314 (S.D.N.Y. 2009) (denying back pay where "Arbercheski took no steps to pursue employment comparable to the positions she held").

### Motion In Limine No. 4

**IN THE ALTERNATIVE, THE PLAINTIFF SHOULD BE PRECLUDED FROM OFFERING TESTIMONY AND EVIDENCE AS TO HIS CLAIM FOR BACK PAY DUE TO THE PLAINTIFF'S FAILURE TO COMPLY WITH RULE 26, WHICH REQUIRES THE DISCLOSURE OF BOTH A CALCULATION OF DAMAGES AND THE DOCUMENTS SUPPORTING THAT CALCULATION.**

Federal Rule of Civil Procedure 26(a) requires that a plaintiff disclose, without demand, "a computation of each category of damages claimed" and to "make available for inspection and

---

[3] Should read "so."

copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Federal Rule of Civil Procedure 26(e) further provides that "[a] party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Second Circuit has made it clear that preclusion is warranted when a party fails to comply with Rule 26(a). See Design Strategy, Inc. v. Davis, 469 F.3d 284 (2d Cir. 2006). As observed by the Second Circuit in Design Strategy, "by its very terms Rule 26(a) requires more than providing — without any explanation — undifferentiated financial statements; it requires a 'computation,' supported by documents. " Id. at 295.

Here, the plaintiff indicates in the Joint Pre-Trial Order that he intends to offer into evidence at trial his 2018, 2019, and 2020 tax returns. However, the plaintiff has not, at any time, disclosed those tax returns. Under such circumstances, the plaintiff should not be permitted to seek back pay for those years as he did not disclose such returns at any time. Nor has he provided an appropriate calculation of damages other than his contention in the Joint Pre-Trial Order that he is seeking an even $40,000.00 for each of the past seven years. The defendant would be significantly prejudiced in

10

having to defend the plaintiff's claim for back pay without the benefit of a year-by-year computation of the plaintiff's alleged damages and the documentation upon which such computation is based.

## **CONCLUSION**

Based on the foregoing, it is respectfully requested that the Village of Monticello's motion in limine be granted.

Dated: November 15, 2021
       New Windsor, New York

                      Respectfully,

                      DRAKE LOEB PLLC

                      By: _____
                      RALPH L. PUGLIELLE, JR. (RP-4294)
                      *Attorneys for Defendant*
                      555 Hudson Valley Avenue, Suite 100
                      New Windsor, New York 12553
                      Tel. No.: (845) 561-0550

11